Alford
(Name)
P.O. Box 799001
(Address)
San Diego Ca 92179
(City, State, Zip)
P18082
(CDC Inmate No.)

2254 ___ 1983 ✓
FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ___ No ✓
COPIES SENT TO
Court ✓ ProSe ___

FILED
AUG 15 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# United States District Court
## Southern District of California

Maurice Lamont Alford,
(Enter full name of plaintiff in this action.)

Plaintiff,

v.

San Diego sheriffs Dept,
J. Philpott,
Dr. Dougan,
Dr. Adams,
(Enter full name of each defendant in this action.)

Defendant(s).

'08 CV 1505 JLS WMc

Civil Case No.___________
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

**A. Jurisdiction**

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

______________________________.

**B. Parties**

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, Maurice Lamont (print Plaintiff's name) Alford, who presently resides at P.O. Box 799001 (mailing address or place of confinement) San Diego Ca 92179, were violated by the actions of the below named individuals. The actions were directed against Plaintiff at San Diego Central County Jail module 7A (institution/place where violation occurred) on (dates) 07-26-07 (Count 1), ________ (Count 2), and ________ (Count 3).

2. Defendants: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant J. Philpott (name) resides in San Diego (County of residence), and is employed as a Sheriff Deputy (defendant's position/title (if any)). This defendant is sued in his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: Employee of San Diego County Sheriff's Department

Defendant Dr. Dougan (name) resides in San Diego (County of residence), and is employed as a Physician (defendant's position/title (if any)). This defendant is sued in his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: Institution doctor at George Bailey detention center.

Defendant Dr. Adams (name) resides in San Diego (County of residence), and is employed as a Head doctor (defendant's position/title (if any)). This defendant is sued in his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: Head doctor at George Bailey detention center.

Defendant ______________ (name) resides in ______________ (County of residence), and is employed as a ______________ (defendant's position/title (if any)). This defendant is sued in his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: ______________

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: Freedom from cruel and unusual punishment, to wit: Assault with Grave Bodily Injury. (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

On 7-26-07 at aproximately 3:00pm upon my return from a class on the 5th floor of the San Diego County Central Jail to module 7A and after repeated requests to deputy J. Philpott to please call medical for my PRN pain meds which were refused by him, he and another deputy entered the unit to do a walk through as they entered I approached J. Philpott and tried to get him to call medical again. As I was talking to him out of the clear blue I was punched repeatedly in the face causing me to stumble back falling across the table then I was grabbed by him and thrown to the floor straddled with an illegal choke hold placed against my neck and choked for what seemed to me to be minutes but I guess were actually seconds but still long enough for me to begin to see spots from my air supply being cut off finally after other inmates screaming and hollerring for my release did J. Philpott finally release his hold and ask me to place my hands behind my back which I did. I suffered busted lip, bleeding nose and other symptoms which required me to have to go to the hospital later. The whole incident was caught on tape. I did nothing to provoke the attack and received no disciplinary action what so ever. Module 7A is a medical module which Deputy Philpott is aware of and I have Sickle Cell Anemia which I told Deputy Philpott I had while trying to get him to call medical to get my PRN pain meds granted he may not have known what Sickle Cell Anemia was but he knew something was wrong with me just by my presence in module 7A.

Count 2: The following civil right has been violated: Right to adequate medical care. (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

I was in the custody of the Sheriffs department on or about 12-19-07 and had been incarcerated since 11-11-07. I have Sickle Cell Anemia, (Disease not trait) I'm 38yrs old and I have chronic severe pain which requires strong narcotics to alleviate constant pain. This is documented in my medical file in the Sheriffs dept. showing the pain med regiment that has worked for me on numerous prior incarcerations. I'd been receiving 120 mgs of OxyContin 3 times a day when unexpectedly my meds were discontinued on 12-19-07. On 12-21-07 I saw Dr. Dougan and was informed that there was an allegation of me selling my meds in my medical file which I denied and that was the reason my meds were discontinued. Because of this he refused to restart my meds or substitute any other pain meds. He didn't examine me at all but told me that I wasn't having a Sickle Cell Crisis. Upon my return to the unit module 2A-101 at George Bailey Detention Facility I called Internal Affairs and told them what was going on. Internal Affairs called the Lieutenant on duty who in turn called Sgt. Espinoza who came and talked to me. I informed Sgt. Espinoza of the situation, denied the allegation and told him that "NO" nurse or deputy "Ever" said that I wasn't "taking" my meds or was "Cheeking" my meds. Sgt. Espinoza after hearing me out said that he was going to talk to Dr. Dougan who was still there. After Sgt. Espinoza left Deputy Rojas asked me what was going on so I told him. He then told me that "they" meaning the Sheriffs had me and everyone that was on OxyContin in module 2A cut off because they knew or suspected that OxyContin was being sold in the unit but didn't know who was selling it. This statement was later confirmed by Dr. Adams. Sgt. Espinoza returned and told me that the allegation had been removed from my medical file and I would see another doctor the following day. Well I didn't see a doctor until 12-29-07. Dr. Dougan again and I received the same results. Again I was told that I wasn't having a Sickle Cell Crisis and again I wasn't examined also the allegation was still in my file. Between 12-29-07 and 1-24-08 I went man down several times and still received little or no care. I saw Dr. Adams twice, The first time I saw him I explained the situation to him and brought

him up to date on everything that I had been through up to seeing him. He stated that he was the one who cut off my meds and nared off the top of his head everyone else in the module he discontinued from the OxyContin at the same time that he discontinued mine, he also stated falsely that I had been selling my meds and again I denied it. He then offered me some Tegratol and Ibuprophen which is virtually nothing. I asked him who was the medical supervisor and received no reply to that question. I was already eating Ibuprophen like candy so I asked him to at least give me some Vicadin but was refused so I got up and walked out. I've been taking OxyContin for 6 yrs or more along with MS Contin. Vicadin barely touches my pain Tylenol 3's don't at all so what would Tegratol do? Nothing and Dr. Adams knew this. He was being condescending and malicious! I returned to see Dr. Adams roughly a week later. In between these appointments I went man down again but medical wouldn't do anything but take my vitals so I had to continue suffering extremely severe pain with no relief. When I next saw Dr. Adams he stated that he was not inclined to renew my narcotics at this time. No exam whatsoever. I asked him was he aware that I was suing the County to which he replied "Is that supposed to scare me?" I said no that I was only asking was he aware that I was suing the County he said "No." I then asked him who is the medical supervisor to which he said "You don't need to know that, I'm the head doctor." I got up and walked out. After my return to the unit the medical supervisor came and talked to me and started me on 20mgs of OxyContin twice a day until my transfer to state Prison the following week. I was without adequate medical treatment for approximately one month.

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: __________
Defendants: __________

(b) Name of the court and docket number: __________

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] __________

(d) Issues raised: __________

(e) Approximate date case was filed: __________.

(f) Approximate date of disposition: __________.

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

I filed an inmate grievance and an Internal Affairs case filed with the San Diego County Sheriff's Dept. on 07-30-07 with final disposition made on 02-05-08. A disposition of "Not Sustained"
I also filed a claim with the County of San Diego office of county counsel claims and investigation division which my claim was rejected on March 20, 2008. Because no formal denial was issued by the County of San Diego within the (45) day period as prescribed by California Government Code Section 912.4.

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): Destroying evidence; Video tape of assault that took place in San Diego County Central Jail module 7A on 7-26-07 approximately 3:00 pm; Pictures taken of claimant; and any other evidence pertaining to this case.

2. Damages in the sum of $ 1,000,000.

3. Punitive damages in the sum of $ 3,000,000.

4. Other: Subpoena Duce Dectum all medical records from San Diego County Sheriffs Dept.; UCSD Medical Center HillCrest and La Jolla. from 01-07 to 01-08

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☑ Jury ☐ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☑ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

07-28-08
Date

Maurice L. Alford
Signature of Plaintiff

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

1554 — FILING FEE PAID — Yes No — IFP MOTION FILED — Yes No — COPIES SENT TO Court

FILED
AUG 1 5 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

I (a) PLAINTIFFS — **Maurice Lamont Alford**

DEFENDANTS — **Philpott, et al**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF — San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**Maurice Lamont Alford**
**PO Box 799001**
**San Diego, CA 92179**
**P-18082**

ATTORNEYS (IF KNOWN)

'08 CV 1505 JLS WMC

II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

**42 U.S.C. 1983**

V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

**CONTRACT:** ☐ 110 Insurance; ☐ Marine; ☐ Miller Act; ☐ Negotiable Instrument; ☐ 150 Recovery of Overpayment &Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans); ☐ 153Recovery of Overpayment of Veterans Benefits; ☐ 160 Stockholders Suits; ☐ Other Contract; ☐ 195 Contract Product Liability

**REAL PROPERTY:** ☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectmant; ☐ 240 Tort to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY:** ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY:** ☐ 362 Personal Injury- Medical Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY:** ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS:** ☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/Accommodations; ☐ 444 Welfare; ☐ 440 Other Civil Rights

**PRISONER PETITIONS:** ☐ 510 Motions to Vacate Sentence Habeas Corpus; ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☒ 550 Civil Rights

**FORFEITURE/PENALTY:** ☐ 610 Agriculture; ☐ 620 Other Food & Drug; ☐ 625 Drug Related Seizure of Property 21 USC881; ☐ 630 Liquor Laws; ☐ 640 RR & Truck; ☐ 650 Airline Regs; ☐ 660 Occupational Safety/Health; ☐ 690 Other

**LABOR:** ☐ 710Fair Labor Standards Act; 720 Labor/Mgmt. Relations; ☐ 730 Labor/Mgmt. Reporting & Disclosure Act; ☐ 740 Railway Labor Act; ☐ 790 Other Labor Litigation; ☐ 791 Empl. Ret. Inc.; ☐ Security Act

**BANKRUPTCY:** ☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS:** ☐ 820 Copyrights; ☐ 830 Patent; ☐ 840 Trademark

**SOCIAL SECURITY:** ☐ 861 HIA (13958); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS:** ☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES:** ☐ 400 State Reappointment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce/ICC Rates/etc.; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 810 Selective Service; ☐ 850 Securities/Commodities Exchange; ☐ 875 Customer Challenge 12 USC; ☐ 891 Agricultural Acts; ☐ 892 Economic Stabilization Act; ☐ 893 Environmental Matters; ☐ 894 Energy Allocation Act; ☐ 895 Freedom of Information Act; ☐ 900 Appeal of Fee Determination Under Equal Access to Justice; ☐ 950 Constitutionality of State; ☐ 890 Other Statutory Actions

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 — DEMAND $ — Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

VIII. RELATED CASE(S) IF ANY (See Instructions): JUDGE — Docket Number

DATE 8/15/2008 — ~~SIGNATURE OF ATTORNEY OF RECORD~~ R.Miller

CR